# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| ANDREA KELLY and COLE MILLICAN, individually and on behalf all others similarly situated, | Civil Action No. _____ |
| Plaintiffs, | |
| vs. | |
| GERBER PRODUCTS COMPANY, | |
| Defendant.                              / | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Gerber Products Company ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes the civil action styled *Andrea Kelly and Cole Millican v. Gerber Products Company*, Case No. CACE-21-003026-04, pending in the Seventeenth Judicial Circuit in and for Broward County, Florida ("State Court Action") to the United States District Court for the Southern District of Florida. As grounds for the removal, Defendant states as follows:

## BACKGROUND

1. On February 11, 2021, plaintiffs Andrea Kelly and Cole Millican (collectively, "Plaintiffs") filed a putative class action complaint ("Complaint") against Defendant in the State Court Action.

2. On February 22, 2021, Plaintiffs served Defendant with a copy of the Complaint and summons in the State Court Action.

3. The Complaint principally alleges Defendant represented to consumers that Defendant's "baby food products" were nutritious, healthy, and safe, and failed to disclose fully the potential presence of toxic heavy metals. Compl. ¶¶ 3-7.

4. Plaintiffs assert claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"); for breach of express and implied warranties pursuant to Fla. Stat. § 672.313 – § 672.314 and the Uniform Commercial Code § 2-314; and for fraudulent concealment and unjust enrichment. *See* Compl. ¶¶ 88-143.

5. As demonstrated below, removal is proper because Defendant satisfies the procedural requirements for removal under 28 U.S.C. § 1446, the court has subject-matter jurisdiction of this putative class action pursuant CAFA, 28 U.S.C. § 1332(d), and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

6. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and its accompanying summons is attached to this Notice of Removal as **Exhibit A**. These documents constitute the entirety of all process, pleadings, and orders served on Defendant in the State Court Action.

7. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as Defendant filed it within 30 days after Defendant first received service of the Complaint.

8. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve on all counsel of record and file with the clerk of the court of the Circuit Court for Broward County, Florida, a copy of this Notice of Removal and its accompanying exhibits.

## BASIS FOR REMOVAL

9. "To remove a case from a state court to a federal court, a defendant must file in the

2

federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.*

10. This action is within the original jurisdiction of this Court, and removal is, therefore, proper under CAFA. Congress enacted CAFA to expand federal court jurisdiction over proposed class actions. *See id.* at 554 (citing S. Rep. No. 109-14, at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14). The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

11. CAFA provides that a class action may be removed to federal court if "(1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

12. This Court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine if the jurisdictional requirements for removal are met. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

13. As explained more fully below, this action satisfies each requirement of section 1332(d)(2) for original CAFA jurisdiction.

**This Is a Covered Class Action**

14. According to the Complaint, Plaintiffs brings this action individually and on behalf of the following proposed class "pursuant to Florida Rule of Civil Procedure 1.220":

3

> All persons in Florida who, within the applicable limitations period, purchased Defendant Gerber's baby food products.

Compl. ¶ 80. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

### There Are More than 100 Putative Class Members

15. Plaintiffs allege "the proposed Class involves more than 100 individuals given Defendant Gerber's market reach as one of the top baby food manufacturers in the United States." Compl. ¶ 16. Accordingly, the Complaint itself alleges the proposed class includes in excess of 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### Minimal Diversity of Citizenship Exists

16. According to the Complaint, Plaintiffs are both citizens of Florida. Compl. ¶¶ 13, 14. Defendant is a corporation organized under the laws of the State of Michigan, with its principal place of business in Arlington, Virginia. *Id.* ¶ 15. Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### The Amount in Controversy Exceeds $5 Million

17. As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 554. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Indeed, the "law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday

4

life." *Id.* "Any inquiry into whether [Plaintiffs] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that [they] *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (emphasis in original). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Id.* (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

18. In determining the amount in controversy, the Court "can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand." *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 U.S. Dist. LEXIS 65963, at *4 (M.D. Fla. May 1, 2017) (citing *Pretka*, 608 F.3d at 754) (internal quotation marks omitted).

19. Here, Plaintiffs allege claims for monetary damages for themselves and the putative class members that exceed CAFA's $5 million jurisdictional minimum.

20. Plaintiffs principally allege Defendant represented to consumers that Defendant's "baby food products" were nutritious, healthy, and safe, and failed to disclose fully the potential presence of toxic heavy metals. Compl. ¶¶ 3-7. Plaintiffs also allege they and the putative class members "are unwilling to purchase baby food products that contain dangerous levels of toxic heavy metals." *Id.* ¶ 9; *see also id.* ¶ 68 (alleging if the Plaintiffs and class members had known the "truth" about Defendant's baby food products, "they would not have been willing to purchase them at all"); *id.* ¶ 70 (alleging the "Plaintiffs and Class members were harmed in the form of the monies they paid for Gerber baby food products which they would not otherwise have paid had they known the truth").

21. Plaintiffs and the putative class members demand actual, statutory, and punitive

5

damages, restitution, and disgorgement, among other relief. *See id.* at p. 29, Prayer For Relief. As shown in the Declaration of Russ Levitan (filed concurrently), Defendant's business records reflect consumers in Florida spent in excess of $5 million on baby food products manufactured by Gerber during each year of the proposed four-year class period. *See* Declaration of Russ Levitan, ¶¶ 4-12 (attached as **Exhibit B**); *Martin v. World Wide Child Care Corp.*, No. 9:17-cv-80188-ROSENBERG/BRAN, 2017 U.S. Dist. LEXIS 199033, at *10 (S.D. Fla. Dec. 1, 2017) ("The statute of limitations for violations of FDUTPA is four years."); Fla. Stat. § 95.11(3)(f) (2020) (four-year limitations period applies to an action founded on a statutory liability); *id.* § 95.11(3)(k) (four-year limitations period applies to a legal or equitable action founded on fraud); *id.* § 95.11(3)(k) (four-year limitations period applies to a legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods).

22. Accordingly, based on the facts in this Notice of Removal and the Complaint's allegations, the amount in controversy in this case substantially exceeds $5 million, exclusive of interest and costs.

**CAFA's Exceptions Do Not Apply**

23. The exceptions to removal under 28 U.S.C. section 1332(d) do not apply to this case.

**<u>VENUE</u>**

24. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is the federal judicial district and division thereof embracing Broward County, Florida, where Plaintiffs filed the State Court Action. Venue is therefore proper under 28 U.S.C. § 89(c).

6

**RESERVATION OF RIGHTS**

25.     As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action.  By removing this action, Defendant does not waive any rights or defenses available under state or federal law.  Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint and any and all arguments in opposition to class certification.  Defendant further reserves the right to amend or supplement this Notice of Removal.

26.     No statement in this Notice of Removal should be construed as an admission that the Complaint's allegations have merit or are sufficient to state a claim.  Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiffs or any other putative class member has demanded or is entitled to relief.

**CONCLUSION**

For the foregoing reasons, this action is removed properly to this Court under CAFA.

Dated:  March 18, 2021

Respectfully submitted,

WHITE & CASE LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

  s/ Sheldon A. Philp
Sheldon A. Philp
Florida Bar No. 020123
Email: sphilp@whitecase.com

*Counsel for Defendant
Gerber Products Company*

AMERICAS 106684812

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 18, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF and was served by U.S. First Class Mail and e-mail to:

Cody L. Frank
FRANK LAW FIRM, P.A.
75 Miracle Mile, #348004
Coral Gables, FL 33134
Telephone: (954) 815-3224
Email: cody@codyfrank.com
Email: eservice@codyfrank.com

*Counsel for Plaintiffs*

                                        *s/ Sheldon A. Philp*
                                        Sheldon A. Philp

AMERICAS 106684812